UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>MARTIN MARTINEZ MADRID,<br><br>            Defendant. | Case No.: 2:19-cr-00266-GMN-BNW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is Defendant Martin Martinez Madrid's Motion for Sentence Reduction Under Amendment 821, (ECF No. 170).  Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility.  Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:15–22, ECF No. 174).  For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

I.     **BACKGROUND**

In October 2022, Defendant pleaded guilty to Count 1 of the Superseding Information for Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 21 U.S.C. § 846. (*See* Mins. Proceedings, ECF No. 165); (Judgment ("J."), ECF No. 166).  The Court sentenced Defendant to 60 months custody, to be followed by four

years supervised release. (J.). Defendant subsequently filed the instant Motion for Sentence Reduction Under Amendment 821, (ECF No. 170).

## II. LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

## III. DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A. Part A – Amendment 821

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Because Defendant did not receive any "status" criminal history points at the time of sentencing he is ineligible for a reduction under Part A. Accordingly, a sentence reduction is not warranted under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *See United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023); *see also* U.S.S.G. § 4C1.1(a). Defendant had one criminal history point at sentencing. (PSR ¶¶ 79–80). As a result, Defendant does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 170), is **DENIED**.

**DATED** this __31__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court